```
                                            FILED IN THE
                                          U.S. DISTRICT COURT
                                      EASTERN DISTRICT OF WASHINGTON

                                            Jul 12, 2019

                                          SEAN F. McAVOY, CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 1:18-CR-02052-LRS-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE, GRANTING DEFENDANT'S MOTION TO EXPEDITE, AND GRANTING DEFENDANT'S MOTION TO SEAL |
| vs. | |
| DARRIN JAY HOWARD, | |
| Defendant. | |
| | **ECF Nos. 78, 79, 80** |

Before the Court are Defendant's Motion to Modify Conditions of Release (ECF No. 78), Motion to Expedite (ECF No. 79), and Motion to Seal (ECF No. 80). Specifically, Defendant proposes reducing his portable breathalyzer testing obligations to a maximum of two tests per day. ECF No. 78. The United States opposes Defendant's Motion to Modify Conditions of Release.

The Court has considered Defendant's proposed modified conditions and the additional information in Defendant's brief. Defendant has pled guilty and is

ORDER - 1

currently pending sentencing.  ECF Nos. 72, 74.  A person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence shall be detained unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of the community.  18 U.S.C. § 3143(a).

Continued portable breathalyzer testing up to six times per day is necessary in order to assure the safety of the community.  Defendant has pled guilty to assault of a spouse by suffocation, which is a violent offense and indicates Defendant poses a risk of danger to the community.  Defendant is 30 years old and his criminal history includes three prior violent offenses involving the same victim as in this case and another instance of a violent act against his father.  The prior cases and the instant charge are associated with Defendant's alcohol use.  To address this risk of danger, the Court imposed a portable breathalyzer testing condition that requires Defendant to submit to up to six breathalyzer tests per day.  ECF No. 43.  While on pretrial supervision, Defendant has had three supervised release petitions filed for his failure to timely comply with portable breathalyzer testing obligations (January 22, 2019, ECF No. 53; January 28, 2019, ECF No. 58; May 3, 2019, ECF No. 75).  Although Defendant characterizes these missed or late tests as minor occurrences, Defendant's portable tester requires him to provide a breathalyzer

ORDER - 2

test within a substantial window of time that is predetermined and regularly scheduled by the Probation Office. That Defendant has repeatedly failed to comply with testing obligations when he knows his regular testing schedule and has a significant time period in which to complete the test does not give the Court confidence that reducing his testing obligations will assure the safety of the community. Additionally, Defendant is pending sentencing on August 1, 2019. ECF No. 74. Defendant is likely to face additional stressors associated with sentencing, so continued testing up to six times per day is necessary to ensure Defendant's continued compliance with his conditions prohibiting the consumption of alcohol.

The Court finds by clear and convincing evidence that continued portable breathalyzer testing up to six times per day is necessary to assure the safety of the community.

IT IS HEREBY ORDERED:

1. The Motion to Expedite (**ECF No. 79**) is **GRANTED**.

2. The Motion to Modify Conditions of Release (**ECF No. 78**) is **DENIED**.

3. The Motion to Seal (**ECF No. 80**) is **GRANTED**.

DATED July 12, 2019.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3